**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

BANK OF NEW YORK MELLON, FKA Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc, CHL Mortgage Pass-Through Trust 2007-15 Mortgage Pass-Through Certificates, Series 2007-15,

Plaintiff-counter-defendant-Appellee,

v.

CHRISTINE M. STABENOW; JOHN F. STABENOW,

Defendants-counter-claimants-Appellants,

BANK OF AMERICA, NA, AKA Bank of America Loan Servicing, LP, AKA Countrywide Financial Corporation, AKA Countrywide Home Loans, Inc.,

Counter-defendant-Appellee,

and

NEW PENN FINANCIAL, DBA Shellpoint Mortgage Servicing,

No.  19-35108

D.C. No. 3:16-cv-01590-MO

MEMORANDUM[*]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Counter-defendant.

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 14, 2020[**]

Before:      CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Defendants Christine M. Stabenow and John F. Stabenow appeal pro se from the district court's judgment of foreclosure following a bench trial. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's findings of fact following a bench trial. *Allen v. Iranon*, 283 F.3d 1070, 1076 (9th Cir. 2002). We affirm.

The district court did not commit clear error in finding that plaintiff had possession of the promissory note secured by a deed of trust on defendants' property when plaintiff filed for foreclosure. *See Allen*, 283 F.3d at 1076 (explaining that the clear error standard is significantly deferential, and that this court would "accept the lower court's findings of fact" unless this court is left with a "definite and firm conviction that a mistake has been committed"); *see also* Or. Rev. Stat. § 73.0301 (a person entitled to enforce an instrument includes the

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"holder of the instrument"); Or. Rev. Stat. § 71.2010(2)(u)(A) (a "[h]older" is a "person in possession of a negotiable instrument . . . ."); *Inv. Serv. Co. v. Martin Bros. Container & Timber Prod. Corp.*, 465 P.2d 868, 869 (Or. 1970) (noting that the plaintiff became the holder when it "received" the negotiable instrument).

We reject as unsupported by the record defendants' contention that the district court did not grant their motion to strike testimony regarding the bailee letter.

The district court did not abuse its discretion in overruling defendants' hearsay objection. *See United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015) ("[P]ersonal knowledge includes opinions and inferences grounded in observations and experience." (citation omitted)); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**